| 2120 | Served | 2121 | - Served | | |
|---|---|---|---|---|---|
| 2220 | Not Served | 2221 | Not Served | | |
| 2320 | Served By Mail | 2321 | - Served By Mail | | |
| 2420 | Served By Publication | 2421 | - Served By Publication | | |
| SUMMONS | | ALIAS - SUMMONS | | CCG N001-10M-1-07-05 ( | ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

HENRY PITA

v.

TARGET CORPORATION

SUMMONS

2007L007223
CALENDAR/ROOM
TIME 00:00
[illegible] Liability

No. _____

Please Serve:
Target Corporation
c/o Reg. Agt.
CT Corporation System
208 S. LaSalle St., Suite 814

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty No.: 21608
Name: Todd Miswang
Atty for: Henry Pita
Address: 30 N. LaSalle Suite 2126
City/State/Zip: Chicago, IL 60602
Telephone: (312) 346-8310

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS


EXHIBIT 2

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
07/31/2007
Log Number 512452995

| | |
|---|---|
| **TO:** | Carter Leuty<br>Target Corporation<br>1000 Nicollet Mall<br>Minneapolis, MN, 55403- |
| **RE:** | Process Served in Illinois |
| **FOR:** | Target Corporation (Domestic State: MN) |

Rcvd from T-Legal on 8/6/07
Forwarded to DP on 8/6/07
By Zlee   Adjuster Scott R.
Claim No. 0006500017E

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Irma Pita, Pltf. vs. Target Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 2007L007223 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 06/21/2006 - 800 Broadview Village Square - Broadview IL |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/31/2007 at 11:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Tod H. Allswang<br>30 North LaSalle Street<br>Suite 2126<br>Chicago, IL, 60602<br>312-346-8210 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798731055746 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL, 60604<br>312-345-4336 |

RECEIVED ON 08/02/07 AT 12:30
VIA FedEx   FORWARDED ON
08/02/07 AT 12:30 TO
SEDGWICK   BY DAWN ROYAL

Page 1 of 1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

IRMA PITA,               )
                         )
           Plaintiff,    )     2007L007223
                         )     CALENDAR/ROOM B
                         )     TIME 00:00
                         ) Case No    Premises Liability
                         )
TARGET CORPORATION,      )
a foreign corporation    )
                         )
                         )
                         )
           Defendant     )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, IRMA PITA, by and through her attorneys, BRIAN J. McMANUS & ASSOCIATES, LTD., and as and for her complaint against the Defendant, TARGET CORPORATION, a foreign corporation, states as follows:

1. That on or about June 21, 2006 and at all times herein relevant the Defendant, TARGET CORPORATION, owned, operated, maintained, leased and controlled a retail store located at 800 Broadview Village Square, in the city of Broadview, County of Cook and State of Illinois.

2. That at the aforesaid time and place, the Plaintiff, IRMA PITA, was lawfully on said premises for the purpose of purchasing goods.

3. That at the aforesaid time and place, the Plaintiff, IRMA PITA, was in the exercise of ordinary care for her own personal safety and the safety of others nearby.

4. That at all times herein relevant, it was the duty of the Defendant, TARGET CORPORATION, its agents, servants and employees to exercise ordinary care in the ownership, operation and maintenance of the aforesaid retail store and premises so as to provide a reasonably safe walkway for all persons lawfully on said premises.

5. That notwithstanding its duty aforesaid the Defendant, TARGET CORPORATION by and through its agents, servants and/or employees was guilty of one or more of the following careless and negligent acts and/or omissions to act:

- a. Carelessly and negligently failed to adequately and properly inspect the floor of its store and aisleways which were open to the public to keep them free of any foreign debris and other slippery substances;

- b. Carelessly and negligently failed to maintain adequate procedures for inspecting and maintaining the aforesaid floor and aisles so as to make sure the same were free of any foreign debris and other slippery substances;

- c. Carelessly and negligently failed to warn customers including the Plaintiff of the presence of foreign debris and other slippery substances on the floor and aisles when they knew or should have known that it constituted a dangerous and hazardous condition for persons lawfully on said premises.

- d. Carelessly and negligently failed to remove in a timely fashion foreign debris and other slippery substances from the floor and aisles at said store when they knew or should have known that it constituted a dangerous and/or hazardous condition;

6. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions to act of the Defendant, TARGET CORPORATION, by and through its agents, servants and employees, the Plaintiff, IRMA PITA, did then and there sustain severe and permanent injuries both externally and internally.

7. That by reason of said personal injuries the Plaintiff, IRMA PITA, has and will be hindered and prevented from attending to her usual duties and affairs and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish both in mind and body and will in the future continue to suffer the

4

care. Plaintiff further expended and became liable for and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE the Plaintiff, IRMA PITA, by and through her attorneys, BRIAN J. McMANUS & ASSOCIATES, LTD., prays for judgment against the Defendant, TARGET CORPORATION, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus the costs of this suit.

_____
BRIAN J. McMANUS & ASSOCIATES, LTD.
Attorney for Plaintiff

BRIAN J. McMANUS & ASSOCIATES, LTD.
30 N. LaSalle Street, Suite 2126
Chicago, IL 60602
(312) 346-8210
#21608

5



FedEx Revenue Barcode

CAD# 8323539
SHIP DATE 31JUL07
WEIGHT 1 LB

FROM: Dawn Schulz (312)116-4336
Chicago SDP Team
208 South LaSalle Street
Suite 811
Chicago, IL 60604

Carter Leuty (612)696-6782
Target Corporation
1000 Nicollet Mall

Minneapolis, MN 55403

Ref: SDP 0406900/612452945/Dawn Schulz

DELIVERY ADDRESS (FedEx-EDR)

TRK# 7987 3105 5746    FORM 0201

55403   MN-US

** 2DAY **                                     MSP

SE MICA

THU
A1
Deliver by
02AUG07

CLS060907

Calendar Motion Courtrooms Case Management Order                    CCL N601-100M-6/10/04

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

_PITA_____, Plaintiff(s)      Case No. _07 L 007223_

v.

_TARGET_____, Defendant(s)      Motion Call "_____" Line #: _____

## MASTER CALENDAR MOTION COURTROOMS CASE MANAGEMENT ORDER
(Please check off all pertinent paragraphs and circle proper party name.)

(8230) _X_  1. Category #1 (18 Month Discovery)         (8232) ____ 1a. Category #2 (28 Month Discovery)
(4296) _X_  2. Written discovery & 213(f)(1) and (2) disclosures to be completed by _12/20/07_ ;
(4218) _X_  3. Oral Discovery & 213(f)(1) and (2) depositions to be completed by _2/27/08_ ;
(4218) ___  4. Treating physicians depositions to be completed by _____ ;
(4288) ___  5. Subpoenas for treating physicians depositions to be issued by _____ ;
(4296) ___  6. _____ shall complete outstanding written discovery by _____ ;
(4218) ___  7. _____ shall be presented for deposition by _____ ;
(4206) ___  8. Plaintiff/Defendant/Add. Party shall answer 213 (f)(3) interrogatories by _____ ;
(4218) ___  9. Plaintiff's 213(f)(3) witnesses to be deposed by _____ ;
(4218) ___  10. Defendant's 213(f)(3) witnesses to be deposed by _____ ;
(4218) ___  11. Additional party's 213(f)(3) witnesses to be deposed by _____ ;
(4619) ___  12. The matter is continued for subsequent Case Management Conference on _APRIL 3, 2008_
            at _9:15_ AM/PM in Room _2203_ for:
   (A) ___ Proper Service    (B) ___ Appearance of Defendants    (C) ___ Case Value
   (D) ___ Pleading Status   (E) _X_ Discovery Status            (F) ___ Pre-Trial/Settlement
   (G) ___ Other: _____

(4005) ___  13. Case is dismissed for want of prosecution. (4040) ___ The case is voluntarily dismissed under 735 ILCS 5/2-1009.

NOTICE:
* Failure of any party to comply with this Case Management Order will be a basis for Rule 219(c) sanctions.
* Failure of any party to enforce this Case Management Order will constitute a waiver of such discovery by that party.
* All cases arriving on the Trial Call in Courtroom 2005 must have all discovery in Lines 2 through 11 completed.
* A copy of this order is to be sent to each party by his/her counsel within 10 (ten) days of the initial Case Management Date.

Atty. No.: _30973_
Name: _Hennessy Roach_
Atty. for: _Defendant_
Address: _140 S Dearborn_
City/State/Zip: _Chicago IL 60603_
Telephone: _(312) 346-5310_

ENTERED:
JUDGE DIANE J. LARSEN - 1771
NOV 01 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge's Stamp

ENTERED: _____
Judge                  Judge's No.